# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**PLACID REFINING CO., LLC**                                                                                **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO. 2:09cv179KS-MTP**

**RALPH LEON STINSON, JR.**                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Judgment on the Pleadings **[#11]** filed on behalf of the plaintiff. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

On October 7, 2005, Stinson Petroleum Company, Inc., ("Stinson Petroleum") entered into a credit agreement with Placid Refining Co., LLC, ("Placid"), whereby Placid agreed to sell and Stinson Petroleum agreed to buy refined petroleum products, pursuant to the terms thereof. On that same date, the defendant Ralph Leon Stinson, Jr. ("Stinson"), signed a personal guaranty on behalf of Stinson Petroleum in favor of Placid.

Pursuant to these agreements, Placid sold and delivered petroleum products in the amount of $376,733.38 to Stinson Petroleum between July 28, 2009 and August 10, 2009. On August 4, 2009, Stinson Petroleum filed for voluntary protection under Chapter 11 of the United States Bankruptcy Code. No payments have been made to

Placid towards the $376,733.38 by Stinson Petroleum or through the Stinson Petroleum bankruptcy proceedings. On August 18, 2009, Placid sent Ralph Leon Stinson, Jr. notice by certified mail that Stinson Petroleum was in default and made demand for immediate payment in the amount of $376,733.38, which notice was received by Stinson on August 20, 2009. No payments have been made by Stinson towards this balance.

Placid has filed this action in order to collect the amounts due Placid by Stinson Petroleum Company, Inc. under the personal guaranty of the Stinson Petroleum debts issued by the defendant, Ralph Leon Stinson, Jr. Placid alleges that Stinson has filed an answer to Placid's First Amended Complaint in which Stinson has admitted all material facts.

Stinson has admitted that Stinson Petroleum entered into the credit agreement with Placid, that Placid sold Stinson Petroleum products pursuant to such agreement, and that Stinson Petroleum is obligated to pay Placid for those purchases. Stinson admitted signing the personal guaranty, Doc. 7, ¶7; that Stinson Petroleum owes and failed to pay Placid $376,733.38 for petroleum products, Doc. 1, ¶8 and Doc. 7, ¶8; that Stinson Petroleum has filed for bankruptcy; and that no payments have been made by Mr. Stinson or Stinson Petroleum towards the unpaid balance. Doc. 1, ¶¶ 10 and 11 and Doc. 7, ¶¶ 10 and 11.

In his Answer, Stinson denied any personal responsibility for amounts currently due from Stinson Petroleum Co., Inc., denied owing any amount to the plaintiff, and asserted that Placid's claim being pursued against Stinson under the Personal Guaranty should be held in abeyance until a resolution of the bankruptcy claim against

Stinson Petroleum. The plaintiff asserts that these denials and request for abeyance are not allegations of fact, but erroneous conclusions of law and argument.

## **STANDARD OF REVIEW**

Placid has filed this motion for a judgment on the pleadings pursuant to Rule 12(c) which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The plaintiff correctly points out that such proceedings are essential to dispose of cases where there is no substantive dispute warranting a trial. "[J]udgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain." *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998). *See also Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir.1990)(*per curiam*) ("A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.")(citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367, at 509-10 (1990)). Indeed, where the sole issue to be decided is the interpretation of a contract provision, judgment on the pleadings has been held to be proper:

> All material facts needed for a decision on the issue presented are undisputed, and since the sole issue is one of law, that is, interpretation of a contract provision, we believe that it presents a proper situation for disposition on a motion for judgment on the pleadings.

*Duhame v. United States*, 119 F.Supp. 192, 195 (Ct.Cl. 1954). The plaintiff asserts that

the sole issue in this case is the interpretation of an unambiguous contract of personal guaranty under the law and is ripe for a motion for judgment on the pleadings.

## ANALYSIS

A judgment on the pleadings has been held to be appropriate in a suit on a guaranty where the original debtor had defaulted and declared bankruptcy. In *Austad v. United States*, 386 F.2d 147 (9th Cir. 1967), the United States filed suit against the Austad personal guarantors five years after the primary debtor, Austad Steel Company, defaulted on its loan to the SBA and was adjudicated bankrupt. The individual Austad defendants admitted the debt but asserted affirmative defenses that they were not individually liable because of the government's delay in bringing the action. The Ninth Circuit found the guarantors' defenses of release, estoppel and latches legally insufficient on the admitted facts, and affirmed the judgment on the pleadings in favor of the United States. *Id*. *See also United States v. Proctor*, 504 F.2d 954, 957 (5th Cir. 1974) (citing *Austead* in concluding that, since there were no genuine issues as to material fact, and the defense was legally insufficient, summary judgment was appropriate on a personal guaranty).

For the purposes of this motion only, Placid has conceded the accuracy of all of the factual allegations in the Stinson Answer, which simply comprise admissions to Placid's factual allegations. However, Placid does not admit any assertions that constitute conclusions of law. Wright & Miller, *supra*, § 1368. A court, on a motion for judgment on the pleadings, should not "accept as true conclusory allegations or

unwarranted deductions of fact." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-313 (5th Cir. 2002); *Collins v. Morgan Stanley DeanWitter*, 224 F.3d 496, 498 (5th Cir.2000) (quoting *Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994)). Nor is the court required to accept legal conclusions or allegations contained in a pleading which conflict with an exhibit. *Olpin v. Ideal Nat'l Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir.1969) *cert den.* 397 U.S. 1074. ("However, neither the trial court nor this court is bound to accept mere legal conclusions or factual claims at variance with the express terms of the Bonus Fund Endorsement, itself, which is attached to the complaint as an exhibit and by reference made a part thereof.")(citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control."))

Thus, the plaintiff argues that Stinson's statements that Placid must await adjudication or payment of the original Stinson Petroleum debt in bankruptcy conflict with the guaranty itself, as merely evasive assertions, erroneous legal conclusions, insufficient to foreclose a judgment on the pleadings. The court agrees with the argument and is not permitted by well settled principles of law to rest on such *pro forma* denials, sham or patently false assertions in deciding a motion for judgment on the pleadings.

Additionally, the United States District Court for the Northern District of Mississippi summarily rejected a claim similar to Stinson's that a personal guaranty binds the company and not the individual. *In American Management Corp. v. Dunlap*,

784 F.Supp. 1245, 1251-1253 (N.D. Miss.1992), the court considered whether the defendant Dunlap's claim that he did not intend to bind himself personally, despite the language of the Dunlap personal guaranty manifesting a clear intent to bind the signer personally, created a material issue of fact sufficient to bar summary judgment.  In concluding that such a claim is insufficient to create any issue of material fact, and granting summary judgment in favor of the plaintiff on the issue of liability under the personal guaranty, the court reviewed the case law of other states, including *Ricker v. B.W. Acceptance Corporation*, 349 F.2d 892, 896 (10th Cir.1965) and *Smith v. Haywood Oil Company, Inc.*, 405 S.E.2d 560 (Ga. 1991).  In those cases, the defendants, just as Dunlap did (and Stinson does herein), denied any personal liability under the personal guaranty for the company debt.  *Id.*  The *Dunlap* court followed the *Smith* and *Ricker* courts in concluding that the defendants' interpretation of the personal guaranty as binding the corporation and not the individual was unreasonable as it would render the guaranty a nullity, stating:

> In considering this issue, the court was compelled to consult case law of foreign jurisdictions where this issue has arisen more frequently. Among the cases the court considered is *Ricker*, 349 F.2d 892. The issue before the United States Court of Appeals for the Tenth Circuit in Ricker is strikingly similar to the issue presently before this court in addressing plaintiff's cross motion for summary judgment. In the *Ricker* case, the trial court granted summary judgment against defendant Ricker, who had signed a personal guaranty as president of the corporation and defendant appealed. In affirming the trial court grant of summary judgment, the Tenth Circuit ruled that the appellant's position that he did not intend to obligate himself personally raised no material issue of fact, because the written guaranty agreement was not ambiguous. *Ed Beef Industries, Inc. v. Schuyler*, 239 Kan. 38, 716 P.2d 544 (1986). The court held that to construe the personal guaranty as binding only the corporation and not Ricker, individually, would contradict and vary the language of the written instrument itself. *Ricker*, 349 F.2d at 896.
>
> Following the reasoning of the court in *Ricker*, the court is of the opinion that the insertion of SCIAC (rather than Sam Dunlap) in the blank space provided for

naming the guarantor did not change the legal effect of the document as being Dunlap's signed personal guaranty. Placing liability in the corporation rather than Dunlap, individually, would defeat the obvious purpose of the personal guaranty. *See Home Federal Savings and Loan Association v. Ramos*, 229 Cal.App.3d 1609, 284 Cal.Rptr. 1 (4th Dist.1991) (personal guaranty would not have been required of the corporation because the corporation was already liable without the guaranty). Indeed, it would have been nonsensical for the corporation to have guaranteed its own debt. *Smith*, 405 S.E.2d 560.

In the court's view, *Smith* is exemplary of situations that warrant summary judgment and deserves some discussion. Briefly, the plaintiff in *Smith* brought suit against a corporate president on a contract of guaranty of corporate debt. The guaranty was for indebtedness owed by the company, VianSa Industries, Inc. Summary judgment was granted and Smith appealed; he alleged that a material question of fact existed as to whether he signed the guaranty in his individual or his representative capacity. *Id*. The Court of Appeals affirmed summary judgment for plaintiff, holding that "the trial court properly concluded that the appellant's obligation as guarantor extended to the full amount of indebtedness." *Id*.

Following the logic of the Court of Appeals of Georgia, the court is of the opinion that it is clearly evident beyond dispute that Dunlap was obligating himself personally and assumed liability for remittance of insurance premiums to AMIG, despite his statements in deposition to the contrary. To interpret the guaranty as attaching no personal liability to Dunlap is objectively unreasonable; it would render the document a nullity. *Home Fed. S. & L.*, 229 Cal.App.3d at 1614, 284 Cal.Rptr. at 4. The court will not permit a signatory to a personal guaranty to escape individual liability just by attaching a title to his signature. *Home Fed. S. & L.*, 229 Cal.App.3d at 1614, 284 Cal.Rptr. at 4.

The Stinson personal guaranty is clearly labeled "Personal Guaranty" and includes the assertion, ". . . I hereby guarantee and hold myself personally responsible for the payment at maturity." This language is not ambiguous. It would have been nonsensical for Stinson Petroleum to guarantee its own debt for which it was already liable. The personal guaranty obligates Mr. Stinson personally. Therefore, pursuant to *Dunlap, supra*, this court rejects Stinson's erroneous legal conclusion whereby Mr. Stinson "[d]enies any personal responsibility for amounts currently due from Stinson Petroleum Co, Inc." Defendant Stinson is personally liable to Placid for the amounts

due and admitted in his Answer.

In the personal guaranty, Mr. Stinson waived notice of acceptance, amount of sale, dates of shipment or delivery, and notice of default in payment and proceeding against purchaser. By waiving "proceeding against purchaser", Mr. Stinson has, by the express terms of the personal guaranty, waived any obligation of Placid to first proceed against Stinson Petroleum. Therefore, Mr. Stinson's "third defense" that the plaintiff's claim being pursued under the Personal Guaranty should be held in abeyance until a resolution of the bankruptcy claim is likewise untenable. *See Austad, supra*. The fact that Placid is also pursuing its rights in the bankruptcy has no bearing on the present liability of Mr. Stinson. If Placid recovers against Stinson personally and is actually paid, its bankruptcy claim will become moot. Likewise, if Placid receives any moneys through the bankruptcy proceeding, Stinson would be entitled to a credit therefor. Any other interpretation would defeat the obvious purpose of the personal guaranty.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Judgment on the Pleadings **[#11]** filed on behalf of the plaintiff is granted and the plaintiff is awarded a judgment in the sum of $376,733.38 with post-judgment interest at the rate of 0.32% against the defendant, Ralph Leon Stinson, Jr. and the complaint is dismissed with prejudice and any other pending motion is denied as moot. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the 14th day of December, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE